IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL CURTIS REYNOLDS, #10671-023, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 19-cv-01390-JPG ) |
| USA and WARDEN WERLICH, | ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Michael Curtis Reynolds, an inmate in the custody of the Federal Bureau of Prisons (BOP) who is currently incarcerated at the Federal Correctional Institution in Greenville, Illinois (FCI-Greenville), brings this action against FCI-Greenville's Warden and the United States for return of his personal property. (Doc. 1). The Court received Plaintiff's Motion for Leave to Proceed *in forma pauperis* (IFP Motion) on January 8, 2020, and it is now before the Court. Because Plaintiff is unable to satisfy 28 U.S.C. § 1915(g), Plaintiff's IFP Motion must be **DENIED**.

## IFP Motion

Plaintiff seeks the Court's permission to proceed without prepaying the $400.00[1] filing fee for this action. 28 U.S.C. § 1914(a). Under 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of

---

[1] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. However, a litigant who is granted IFP status is exempt from paying the additional $50.00 fee.

fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In this case, Plaintiff has tendered an affidavit of indigence that is sufficient as to form—at first glance.

Along with it, however, the Court received a letter from the United States Department of Justice indicating that Plaintiff faces disciplinary action for mailing the Court an IFP Motion containing a federal official's forged signature on the certification page.[2] A copy of the IFP Motion and letter are attached as exhibits to this Order. Plaintiff filed two IFP Motions containing identical signatures in another now-closed case, *i.e.*, *Reynolds v. United States*, No. 19-cv-01132-JPG (S.D. Ill., dismissed Nov. 19, 2019) (Doc. 3, p. 4; Doc. 12, p. 7). It goes without saying that Plaintiff cannot support his request for IFP with a forged certification page.

Even if the signature was not forged, Plaintiff is barred from proceeding IFP under 28 U.S.C. § 1915(g). Section 1915(g) prohibits a prisoner from bringing a civil action or appealing a civil judgment IFP, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). Plaintiff "struck out" under § 1915(g) before filing this action and is therefore subject to the three-strikes bar. The Public Access to Court Electronic Records

---

[2] The mail was not marked as legal mail and was inspected as non-legal mail at the time the forged signature was discovered.

("PACER") website (www.pacer.gov) reveals that Plaintiff filed more than three prior civil actions that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Reynolds v. United States*, No. 14-cv-01733-RPC-JVW (M.D. Pa. Feb. 28, 2007) (Doc. 7) (collecting cases). *See also Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (courts can take judicial notice of public records which include court records). Because Plaintiff accumulated at least three "strikes" for purposes of § 1915(g) before filing this action, he cannot proceed IFP unless he is under imminent danger of serious physical injury. His property loss claims do not place him in imminent danger of serious injury, so he cannot satisfy § 1915(g). Plaintiff's request for IFP is **DENIED**.

## Sanctions

The Court cannot ignore the fact that Plaintiff is now facing disciplinary action for forging the signature of a federal official on his IFP Motion certification page. Sanctions have long been authorized against litigants who intentionally submit false, misleading, or fraudulent information to the Court in connection with an IFP application. 28 U.S.C. § 1915(e)(2)(A) (district court shall dismiss case at any time allegation of poverty is deemed untrue); *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002) (dismissal of case appropriate for false allegation of poverty even when the plaintiff pays filing fee). Beyond submitting an IFP Motion containing an allegedly forged signature, Plaintiff omitted all reference to his litigation history and the fact that he "struck out" prior to filing this action. *Isby v. Brown*, 856 F.3d 508, 521 (7th Cir. 2017) (citing *Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (termination of suit is an appropriate sanction for struck-out prisoner who took advantage of court's oversight and was granted leave to proceed IFP)); *Sloan v. Lesza,* 181 F.3d 857, 858–59 (7th Cir. 1999) (litigant who sought and obtained leave to proceed IFP without disclosing his 3-strike status committed a fraud

3

upon the court). The Court will not tolerate either type of fraudulent conduct from Plaintiff—misconduct that does not appear limited to this case. *See also Reynolds v. United States*, No. 19-cv-01132-JPG (S.D. Ill., dismissed Nov. 19, 2019) (Doc. 3, p. 4; Doc. 12, p. 7). Plaintiff must show cause why sanctions, including dismissal of this case with prejudice, should not be imposed against him.

## Disposition

The Clerk of Court is **DIRECTED** to file Plaintiff's Motion for Leave to Proceed *in forma pauperis* in the Court's case management/electronic case filing system ("CM/ECF").

**IT IS HEREBY ORDERED** that, for the reasons stated above, Plaintiff's Motion for Leave to Proceed *in forma pauperis* is **DENIED**. He is obligated to pay the full filing and docketing fee of $400.00 for this action. Failure to pay the full filing fee within twenty-one (21) days (**on or before January31, 2020**) shall result in dismissal of this case and the action with prejudice for failure to comply with an Order of this Court. *See* FED. R. CIV. P. 41(b).

Plaintiff is also **ORDERED TO SHOW CAUSE** within twenty-one (21) days (**on or before January 31, 2020**) why this Court should not sanction him for fraudulent litigation conduct by dismissing the action with prejudice, based on his forgery of a federal official's signature on the IFP Motion and/or his failure to disclose his "struck out" status when seeking IFP. If Plaintiff fails to show cause why he should not be sanctioned, an order will be entered dismissing the Complaint and action with prejudice.

**Failure to comply with both of these Orders by the deadline imposed shall result in dismissal of the Complaint and this action with prejudice for failure to comply with an Order of the Court.  *See* FED. R. CIV. P. 41(b).**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk

of Court informed of any change in his address. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents. *See* Fed. R. Civ. P. 41(b).

**DATED: January 10, 2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**