# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL CURTIS REYNOLDS, #10671-023, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 19-cv-01390-JPG ) |
| USA and WARDEN WERLICH, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Michael Curtis Reynolds brings this action against Defendants USA and Warden Werlich for the return of his personal property. (Doc. 1). On January 10, 2020, the Court received Plaintiff's Motion for Leave to Proceed *in forma pauperis* ("IFP"), along with a letter from the United States Department of Justice indicating that the IFP Motion contains a federal official's forged signature on the trust fund certification page.[1] (Docs. 3 and 4). Plaintiff also failed to disclose his litigation history and his "struck out" status in his IFP application. (Doc. 4). He was thus barred from proceeding IFP under 28 U.S.C. § 1915(g) unless he faced imminent danger of serious physical injury. (Docs. 1 and 4).

The Court denied the IFP Motion without delay because Plaintiff complained of no imminent danger of serious physical injury in his Complaint. (*See* Docs. 1 and 3). He was ordered to pay the entire $400.00 filing fee for this action on or before January 31, 2020, if he wished to proceed with this matter. (Doc. 3, pp. 3-4). He was also warned that the action would be dismissed

---

[1] The mail containing Plaintiff's IFP Motion was inspected as unmarked, non-legal mail when the forged signature was discovered.

with prejudice for failure to do so by the deadline. (*Id*. at p. 4) (citing FED. R. CIV. P. 41(b)). To date, Plaintiff has not paid any portion of the filing fee for this action, and the deadline for doing so expired three weeks ago. This action is subject to dismissal with prejudice on this basis alone.

In addition, the Court ordered Plaintiff to show cause why the action should not be dismissed with prejudice for attempting to commit a fraud upon the Court. The show cause order was issued for two reasons: (1) Plaintiff allegedly forged a federal officer's signature on his IFP Motion (*see* Docs. 3, 3-1, and 4); and (2) Plaintiff failed to disclose his "struck out" status when seeking leave to proceed IFP (Docs. 1 and 4). Plaintiff was separately warned that failure to show cause by the deadline would result in dismissal of this action with prejudice, even if he paid the full filing fee for the action. (Doc. 3, p. 4) (citing FED. R. CIV. P. 41(b)).

Plaintiff failed to provide an adequate response to the show cause order, and his case is subject to dismissal with prejudice for this reason as well. In response to the Court's show cause order arising from the alleged forged signature, Plaintiff claims that he did not forge the trust fund officer's signature on his IFP Motion. He simply recycled an old trust fund statement/certification page from an IFP Motion he submitted in another case and "inadvertently" added a new date to it. (Doc. 6, p. 3). In response to the show cause order arising from the omission of his litigation history, Plaintiff offers no reason for failing to disclose this information or for failing to notify the Court of his "struck out" status when seeking leave to proceed IFP. (*Id*. at pp. 1-23).

Neither response satisfies the Order to Show Cause. Plaintiff *admitted* recycling an old trust fund statement and/or certification page and altering it to include a new date. Plaintiff *omitted* any explanation for his failure to disclose his "struck out" status in his IFP application. The Court cannot accept the admission or omission as an adequate response to the show cause order. Even

without a finding of fraud,[2] this action is subject to dismissal with prejudice based on Plaintiff's failure to comply with the Court's Order to Show Cause (Doc. 4, p. 3). *See* FED. R. CIV. P. 41(b).

The action, as a whole, shall be dismissed with prejudice based on Plaintiff's failure to pay the filing fee and also his failure to show cause why this case should not be dismissed with prejudice.

### Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice, based on Plaintiff's failure to comply with this Court's Order (Doc. 3) to pay the filing fee for this action and his failure to satisfy the Order to Show Cause (Doc. 3) on or before January 31, 2020. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal shall not count as one of Plaintiff's allotted "strikes" under § 1915(g).

**IT IS ALSO ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $400.00 remains due and payable. *See Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir.

---

[2] Although the Court does not decide the issue of fraud, this Order does not preclude this, or any other Court, from using the information in Docs. 3 and 4 to make such a finding. This case is subject to dismissal with prejudice regardless of any finding of fraud. Plaintiff is **WARNED** that he may be subject to sanctions for any alteration of an IFP application filed in this Court, and he is strictly prohibited from making such changes to previously-submitted forms.

2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.  Further, because he has "struck out" and has not demonstrated imminent danger of serious physical injury, Plaintiff's request for IFP status on appeal will be denied by this Court, if he does choose to appeal. A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**DATED:  February 21, 2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**